The order below is hereby signed.

Signed: March 04, 2009.



_/s/ S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WILLIAM MUSGROVE, | ) | Case No. 09-00121 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR TEMPORARY
  WAIVER OF THE CREDIT COUNSELING REQUIREMENT AND TO SHOW
CAUSE WHY CASE OUGHT NOT BE DISMISSED FOR FAILURE TO COMPLY
WITH THE CREDIT COUNSELING REQUIREMENT OF 11 U.S.C. § 109(h)

On his Exhibit D to the voluntary petition, the debtor appears to request a temporary waiver of the credit counseling requirement of 11 U.S.C. § 109(h) (Docket Entry ("DE") No. 13). Specifically, although the debtor failed to actually check the box certifying that he is eligible for waiver, the debtor nevertheless purports to summarize his exigent circumstances by stating that he was sick and in the hospital.[1]  Because the debtor failed to actually check the box certifying that he is

---

[1] The debtor does not contend that he suffers from a disability as defined in 11 U.S.C. § 109(h)(4) such that his illness leaves him physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.

eligible for waiver, and has thus failed to provide a satisfactory certification of eligibility for waiver, the court will deny the debtor's request.  As explained in more detail below, even if the debtor had properly checked the box certifying that he is eligible for waiver, the debtor's stated grounds for waiver are insufficient to support his request.

Section 109(h) provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement and that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within five days of the request.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

On his Exhibit D, in the space provided for summarizing the exigent circumstances justifying waiver, the debtor indicates that he was sick and in the hospital. This does not constitute an exigent circumstance. At best, it explains why the debtor may have lacked access to credit counseling services at some point in time.[2] The debtor has altogether neglected to describe the exigent circumstance that required the debtor to file this case before he could obtain the necessary credit counseling. Thus, even if the debtor had checked the appropriate box on Exhibit D to certify that he is eligible for waiver, the debtor has nevertheless failed to satisfy one of the requirements of § 109(h)(3)(A). As such, the debtor is not eligible for a temporary waiver of the prepetition credit counseling requirement.[3] Accordingly, it is

---

[2] The court notes that credit counseling services can be obtained not only in person, but also by telephone and Internet. As such, the debtor may have had access to credit counseling services notwithstanding his hospitalization. Because the debtor has provided no further information, it remains unclear how the debtor's illness or hospitalization impacted the debtor's ability to obtain prepetition credit counseling services.

[3] Even if the debtor had properly certified on Exhibit D that he is eligible for waiver, and even if he had properly identified an exigent circumstance in support of his request for waiver, the court would have nevertheless required the debtor to file a supplemental request. Specifically, the court would have required the debtor to verify that he actually requested counseling services prepetition and would have likewise required the debtor to provide an explanation as to why he was unable to obtain the counseling within five days of making the request. Absent such a showing, the debtor would be ineligible for waiver.

ORDERED that the debtor's request for a temporary waiver of the pre-petition credit counseling requirement of 11 U.S.C. § 109(h) (DE No. 13) is DENIED.  It is further

ORDERED that within 7 days after entry of this order, the debtor shall show cause, by a writing filed with the court, why this case ought not be dismissed based upon 11 U.S.C. § 109(h) ineligibility.

[Signed and dated above.]


Copies to: Debtor; Chapter 13 Trustee.